## Case No. 15,019.

### UNITED STATES v. EBERT.

[1 Cent. Law J. 205.] [1]

District Court, W. D. Missouri. March Term, 1874.

INFORMATION—OFFENCES UNDER INTERNAL REVENUE LAWS.

Offences arising under the internal revenue laws being misdemeanors merely, and not "infamous," may be prosecuted by information filed by the district attorney.

[1] [Reprinted by permission.]

E. L. King, for the motion, relied on the fifth amendment to the constitution.

Jas. S. Botsford, U. S. Dist. Atty., relied on and cited 1 Bish. Cr. Proc. 604, 611; Com. v. Waterborough, 5 Mass. 257; Adams v. Woods, 2 Cranch [6 U. S.] 336; Ex parte Marquand [Case No. 9,100]; Walsh v. U. S. [Id. 17,116]; Levy v. Burley [Id. 8,300]; Parsons v. Hunter [Id. 10,778]; U. S. v. Mann [Id. 15,717]; Territory v. Lockwood, 3 Wall. [70 U. S.] 236; U. S. v. Shephard [Case No. 16,273]; U. S. v. Waller [Id. 16,634]; 1 Stat. 119, § 32; 13 Stat. 305, § 179; 14 Stat. 145, § 179.

KREKEL, District Judge. This is an information filed by the district attorney, alleging that defendant was a manufacturer of cigars, and as such had failed to execute bond as required by law. To this defendant files his motion to quash, alleging, in substance, that cases of the kind cannot be prosecuted by information, but must be by indictment. This brings up the question, first, is the case here presented within the act of July 13, 1866, which provides that "all fines, penalties, and forfeitures which may be imposed or incurred shall and may be sued for and recovered, when not otherwise provided, in the name of the United States, in any proper form of action or by any appropriate form of proceeding before any circuit or district court"? The provision cited is found in the revenue act, and there can be no doubt that the intention of congress was to sanction or provide for a class of cases most frequently occurring under the revenue laws. Looking at the language employed, "a proper form of action," it is obvious that congress here had reference to existing forms of action; and, when using the terms immediately following, "or by any appropriate form of proceeding," it intended to enlarge the former by giving authority to provide new and suitable forms and proceedings to meet cases as they might arise. It is well known that, at the time of framing and adopting the constitution, fines and penalties could be and were largely recovered by information; and there can scarcely be any doubt but that congress had reference, when speaking of "a proper form of action," to that practice which, at the time of the enactment of the law cited, prevailed in a number of the states. It must, then, be taken that the case under consideration, and the class of cases to which it belongs, comes within the provisions of the statute cited.

The second question is, had congress the power to pass the act of 1866, and especially the provision cited, thereby doing away with the necessity of a grand jury passing upon cases arising under internal revenue laws? The fifth article of the amendments of the constitution of the United States provides that "no person shall be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand

jury." It will be observed that this provision covers infamous crimes only. It is not necessary to define what is here meant by "infamous," for it is an undisputed point that misdemeanors, such as the one for which the information under consideration is filed, cannot, by any construction or interpretation given by courts, be brought within the term "infamous." At the time of the adoption of the amendment cited. attention was, no doubt, called to existing constitutional provisions; and, had the requirement that all classes of crimes should be passed on by grand juries before trial been intended, suitable language for that purpose would have been employed. Indeed, by the use of the words "capital or otherwise infamous crimes," it may be readily inferred that a grand jury was to pass upon such, and such only; and, while the legislature was not bound to limit the holding to answer to that class of cases, but might extend the requirement to any offences, yet the decision of a grand jury was secured only to the person or persons charged with the higher classes of crime specified. The act of March 30, 1790, passed by congress soon after the adoption of the constitution, strongly supports the view here taken. In the thirty-second section of said act, providing the time within which prosecutions shall be commenced, it enacts: "Nor shall any person be prosecuted, tried, or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall have been found or instituted,"— thus affirming that there existed the distinction between crimes and other offences contended for. As sustaining these views, see U. S. v. Shephard [Case No. 16,273], and U. S. v. Waller [Id. 16,634].

Upon these views of the court, the case under consideration may be prosecuted by information, and the motion to quash is overruled.